IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CANAL INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 3:11-cv-400-MEF |
| | ) | (WO) |
| REGENCY CLUB CONDOMINIUM | ) | |
| OWNERS ASSOCIATION, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendant Park Lane Construction, Inc.'s opposed Motion for Leave to File Amended Answer and Assert Counterclaim, Doc. #36.  For the reasons stated below, this motion is due to be granted.

On October 21, Defendant Park Lane Construction, Inc. ("PLC") filed their motion to amend their original answer to assert a counterclaim against Plaintiff Canal Indemnity Company ("Canal").  Doc. #36.  On October 27, Canal filed objections to PLC's motion. Doc. #37.  On October 31, PLC responded to Canal's objections.  Doc. #38.  The Court has taken into account all arguments made by both parties in considering whether to grant PLC's motion.

Rule 15 of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been served, a party may amend only by leave of court or by written consent of the adverse party.  Fed. R. Civ. P. 15(a).  The rule instructs that "leave shall be freely given

1

when justice so requires." *Id.* Whether to grant leave to amend is in the discretion of the district court. *See Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1080 (11th Cir. 2003) ("We review a district court's denial of a motion to amend for abuse of discretion."). Additionally, the Supreme Court has instructed that "in the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In *Foman*, the Supreme Court cited "bad faith or dilatory motive" as one "apparent or declared reason" for which a district court might deny a motion to amend a complaint. *Id.*

Here, Canal takes issue with PLC's failure, in its proposed amended answer, Doc. #36-1, to differentiate between two similarly-named defendants in this suit, G&G Roofing Company, Inc., and Paul Nicholson DBA GG Roofing. Doc. #37 at 2-3. Canal argues that "[a] motive may be fairly ascribed for PLC to confuse the distinction between the corporation (G&G Roofing Company, Inc.), and the sole proprietorship (Paul Nicholson DBA GG Roofing)." *Id.* This Court disagrees.

As indicated by the second count of PLC's proposed counterclaim, Doc. #36-1 at 11-12, whether the insured is G&G Roofing Company, Inc. or Paul Nicholson DBA GG Roofing, is a potential issue in this case. The Court is confident that neither the Court nor the parties in this suit will have any difficulty distinguishing between the corporate entity and Paul Nicholson's sole proprietorship as necessary. Additionally, as PLC points out, Doc. #38 at 1-2, the labels PLC uses to describe the party whom PLC refers to as "the subject roofing

2

subcontractor," "G&G Roofing Company" and "G&G Roofing," are adopted from evidentiary documents in much the same way Canal's preferred labels derive from other evidentiary documents. *See, e.g.* Doc. #37-2. As such, the Court cannot impute bad faith to PLC based on the wording of their motion to amend.

Lastly, PLC filed its motion to amend within the deadline set by this Court for such amendments. Doc. #32. For all of the reasons set forth above, PLC's motion to amend is due to be granted under the liberal standard set forth in Rule 15(a).

Accordingly, it is hereby ORDERED that: PLC's Motion for Leave to File Amended Answer and Assert Counterclaim, Doc. #36 is hereby GRANTED. PLC is hereby ORDERED to file its amended complaint by **November 22, 2011.** Canal's answer to PLC's Counterclaim is due on or before **December 8, 2011**.

DONE this the 15th day of November, 2011.

_____/s/ Mark E. Fuller_____
UNITED STATES DISTRICT JUDGE