IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CANAL INDEMNITY COMPANY, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>REGENCY CLUB CONDOMINIUM )<br>OWNERS ASSOCIATION, INC., *et al.*, )<br>)<br>Defendants. ) | CASE NO. 3:11-cv-400-MEF<br>(WO) |

### **ORDER**

This cause is before the Court on Plaintiff Canal Indemnity Company's Motion for Extension of Deadline To Perfect Service on G&G Roofing Company, Inc. ("G & G") (Doc. #41), and Plaintiff's opposed Motion for Service by Publication (Doc. #42). For the reasons stated below, both motions are due to be **GRANTED**.

Plaintiff represents that it has been unable to properly serve G & G, an Alabama corporation, and now seeks the Court's permission to perfect service by publication (Doc. #42). Defendant Park Lane Construction, Inc. ("PLC"), opposes service by publication (Doc. #46).

In determining whether to grant a motion for service by publication, this Court is guided by Alabama Rule of Civil Procedure 4.3 ("ARCP 4.3"). *See* Fed. R. Civ. P. 4(e)(1) *and* Fed. R. Civ. P. (4)(h) (indicating together that service may be made upon corporations within a judicial district of the United States by "following state law for serving a summons

1

in an action brought in courts of general jurisdiction in the state where the district court is located"). ARCP 4.3 provides for service by publication against a defendant who "avoids service of process." A corporation is deemed to have avoided service of process where :

> [T]he process server has endorsed the fact that the process cannot be served because of the failure of the defendant to elect officers or appoint agents, or because of the absence of officers or agents from the state of incorporation and the state of the corporation's principal place of business for a period of thirty (30) days from the filing of the complaint or because the officers or agents are unknown[.]

Ala. R. Civ. P. 4.3.

Here, the process server has endorsed the fact that process cannot be served upon G & G. (Doc. #42, Ex. 3). Additionally, Plaintiff has produced sufficient evidence to show that the additional requirements for service of process by publication under ARCP 4.3 are satisfied. Plaintiff has submitted ample evidence, in both its motion for service by publication (Doc. #42 and attached exhibits) and its response in support of its motion (Doc. #47 and attached exhibits) to show that G & G's sole officer has been outside of the state of incorporation and the state of G & G's principal place of business, both of which are the state of Alabama, for a period of more than thirty days.

PLC's argument that there is no evidence that G & G's agents and officers do not "still reside in, and have never left, the State of Alabama" (Doc. #46) is not only contrary to the great weight of the evidence submitted by Plaintiff, but also contrary to the fact that Plaintiff was permitted to serve G& G by publication in a state suit governed by the same

Alabama Rule of Civil Procedure at issue here.[1]

For the reasons stated above, it is hereby ORDERED that

1)  For good cause shown, Plaintiff's Motion for Extension of Deadline To Perfect Service on G & G Roofing Company, Inc. (Doc. #41) is GRANTED.  The time for perfecting service upon the defendant G & G Roofing Company, Inc., is extended for a period of sixty (60) days from the date of the issuance of this order.  *See* Fed. R. Civ. P. 4(m).

2)  Service be made by publication on the defendant G & G Roofing Company, Inc.  Counsel for the plaintiff shall prepare a publication, which shall (a) contain a summary statement of the object of the complaint and demand for relief, and (b) notify the Defendant that it is required to answer within thirty (30) days after the last publication on or before a date certain specified in the notice which said date shall be thirty (30) days after the last publication.  Ala. R. Civ. P. 4.3(b); *see* Fed. R. Civ. P. 4(e).  Counsel for the plaintiff shall submit this publication to the Clerk of the Court.

3)  The Clerk is DIRECTED to serve notice by publication in the *Opelika-Auburn News*, a newspaper of general circulation in Lee County, Alabama, and the *Tuskegee News*, a newspaper of general circulation in Macon County, Alabama.  Ala. R. Civ. P. 4.3(d).  The publication shall be published once a week for four successive weeks.  *Id.*

DONE this the 12th day of January, 2012.

                                            /s/ Mark E. Fuller
                                   UNITED STATES DISTRICT JUDGE

---

[1] While Plaintiff correctly notes that this is not a textbook case of res judicata (Doc. #47 at 3), this Court finds persuasive the state court's decision to allow service by publication on G & G and PLC's failure to object to that decision.  *See, e.g., Carrib. I Owners' Ass'n, Inc., v. Great Am. Ins. Co. of N.Y.*, 619 F. Supp. 2d 1178, 1184 (S.D. Ala., 2008) ("The purpose of judicial estoppel is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment or from playing fast and loose with the courts.") (internal citations omitted).