# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# (EASTERN DIVISION)

Canal Indemnity Company,

     Plaintiff(s),

     v.

Regency Club Condominium Owners Association, Inc., a/k/a Regency Club Condominium Association, Regency Club, LLC, Park Lane Construction, Inc., Robert G. Randall, G & G Roofing Company, Inc., and Paul Nicholson d/b/a G G Roofing,

     Defendant(s).

Civil Action No.
3:11-cv-400-MEF

---

## BRIEF IN SUPPORT OF PLAINTIFF'S
## SECOND MOTION FOR SUMMARY JUDGMENT

---

COMES NOW, the Plaintiff, Canal Indemnity Company, by and through the undersigned counsel, and submits the following brief in support of its Second Motion for Summary Judgment against all Defendants in the above-styled civil action.

Plaintiff's Motion for Summary Judgment and this supporting brief are based on the pleadings and the following exhibits, which are being filed simultaneously herewith, and are expressly adopted and incorporated as if fully set forth herein:

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:    3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

| | |
|---|---|
| Exhibit 1 | Canal Commercial General Liability Policy number GL19346, new (effective dates of coverage from August 20, 2004 to August 20, 2005) |
| Exhibit 2 | Canal Commercial General Liability Policy number GL19346, renewal (effective dates of coverage from August 20, 2005 to August 20, 2006) |
| Exhibit 3 | Canal Commercial General Liability Policy number GL19346, renewal (effective dates of coverage from August 20, 2006 to June 3, 2007) |
| Exhibit 4 | Notice of Cancellation (effective 6-3-2007) |
| Exhibit 5 | Contractor Liability Survey submitted by Paul Nicholson to Canal |
| Exhibit 6 | Examination Under Oath of Paul Nicholson (taken 5-19-2011) |
| Exhibit 7 | Sworn Statement of Paul Nicholson (taken 4-15-2011) |
| Exhibit 8 | Complaint from Underlying Lawsuit |
| Exhibit 9 | Cross Claim by Park Lane against G & G Roofing Company, Inc., in the Underlying Lawsuit |
| Exhibit 10 | Cross Claim by Regency Club, LLC, against G & G Roofing Company, Inc., in the Underlying Lawsuit |
| Exhibit 11 | Motion for Service of G & G Roofing Company, Inc., by Publication in the Underlying Lawsuit (inclusive of Exhibit 11-A: the Affidavit of David F. Daniell) |
| Exhibit 12 | Default Judgment for Regency Club Condominium Owners Association, Inc., and against G & G Roofing Company, Inc., in the Underlying Lawsuit |
| Exhibit 13 | Subcontract Agreement with Park Lane Construction, Inc. |

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:      3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

Exhibit 14    Business Entity Detail for G & G Roofing Company, Inc., from Secretary of State of Alabama

Exhibit 15    <u>Smurfit-Stone Container Enterprises, Inc. v. National Interstate Ins. Co.</u>, Not Reported in F.Supp.2d, 2008 WL 4153762 (E.D.Va. 2008)

Exhibit 16    Pro Tanto Stipulation for Dismissal in the Underlying Lawsuit

Exhibit 17    Order Granting Pro Tanto Stipulation for Dismissal in the Underlying Lawsuit

## **BRIEF STATEMENT AS TO THE NATURE OF THIS LAWSUIT**

This is a Declaratory Judgment Action predicated on insurance coverage issues involved in a state court lawsuit.  The underlying lawsuit arises from a construction project, wherein the property owner (dissatisfied with the construction of a condominium project) sued the developer, general contractor, and various subcontractors involved in building those condominiums.  They claim one of those subcontractors (G & G Roofing Company, Inc.), is insured by a policy of insurance issued by Canal Indemnity Company.

Canal denies such coverage exists, and has brought this Declaratory Judgment Action in order to finally establish it has no obligation to provide any insurance benefits of any kind to anyone involved in the underlying lawsuit.

Parties to this lawsuit will be referred to herein, as follows (except when indicated otherwise):  **"The Association"** refers to the property owner (Regency Club

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:      3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

Condominium Owners Association, Inc., a/k/a Regency Club Condominium Association); **"Regency Club"** refers to the developer (Regency Club, LLC); **"Park Lane"** refers to the general contractor (Park Lane Construction, Inc.); and **"Canal"** refers to the insurance company (Canal Indemnity Company).

## STATEMENT OF UNDISPUTED FACTS

### The Canal Insurance Policy

The policies of insurance in question were issued by Canal.  More specifically, Canal issued a Commercial General Liability ("CGL") Policy, bearing policy number GL19346, with effective dates of coverage from August 20, 2004 to August 20, 2005 to its named insured Paul Nicholson d/b/a G G Roofing.  *See Exhibit 1.*  The policy was renewed two times, under the same policy number.  The second policy period (i.e., the first renewal) includes effective dates of coverage from August 20, 2005 to August 20, 2006.  *See Exhibit 2.*  The third and final policy period (i.e., the second renewal) includes effective dates of coverage from August 20, 2006 to June 3, 2007, when the policy was cancelled.  Canal's insurance policies were delivered to Paul Nicholson d/b/a G G Roofing in Macon County, Alabama.  *See Exhibits 3 and 4.*

Paul Nicholson purchased the insurance from Canal Indemnity Company in the name of Paul Nicholson DBA GG Roofing.  *See Exhibit 7, at p. 6.*  Paul Nicholson's

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:     3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

testimony makes it clear that **GG Roofing is not the same as G & G Roofing**

**Company, Inc.** *See Exhibit 7, at pp. 7 and 14.* Mr. Nicholson did not undertake to

name G & G Roofing Company, Inc., as a named insured and/or as an additional

insured under Canal's policies. *See Exhibit 7, at p. 6.* Moreover, Mr. Nicholson did

not authorize the owner of G&G Roofing Company, Inc. (Mohammed Gwandu), to

communicate or act on his behalf with regards to his insurance agent or insurance

company.  *See Exhibit 6, at p. 17.*

Subsequently, Park Lane Construction and Regency Club were added by

endorsement as Additional Insureds.  Endorsement Form number GL23 (01/92) is

referenced in the declarations page, and made a part of Policy No. GL19346.  *See*

*Exhibit 1 at pp. 52-3, Exhibit 3 at pp. 24-25.*

While Park Lane and Regency Club, LLC, were added to Canal's policy as an

Additional Insureds by endorsement, the coverage afforded Park Lane and Regency

Club, LLC, is restricted to "liability arising out of the Named Insured's operations or

premises owned by or rented to the Named Insured." *See Exhibit 1 at pp. 52-3,*

*Exhibit 3 at pp. 24-25.* Specifically, the endorsements state, as follows:

| GL23 (01/92) |
| --- |
| **ADDITIONAL INSURED -**<br>**DESIGNATED PERSON OR ORGANIZATION**<br>**RESTRICTED COVERAGE** |

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:     3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

---

**GL23 (01/92)**

Name of Person or Organization:   Park Lane Construction
6001 E Shirley Lane
Montgomery AL 36117

It is agreed that Section **II** - Who Is An Insured is amended to include as an insured the person or organization shown in the SCHEDULE as an insured but only with respects to liability arising out of the Named Insured's operations or premises owned by or rented to the Named Insured.   The insurance afforded by this endorsement and the Certificate to which it is attached shall not apply to damages arising out of the negligence of the person(s) or organization(s) added by this endorsement.

It is further understood and agreed this insurance does not apply to "bodily injury" and "property damage" arising out of any act or omission of the ADDITIONAL INSURED(S) or any of their "employees", other than the general supervision by the additional insured(s) of your ongoing operation performed for the additional insured.

---

*See Exhibit 1 at p. 52, Exhibit 3 at p. 24.*   Therefore, the Additional Insured status of Park Lane arises only with respect to vicarious liability for operations performed by Canal's Named Insured (again, Paul Nicholson d/b/a G G Roofing).

## Procedural History of the Underlying Lawsuit

The instant lawsuit involves an insurance coverage dispute premised on an underlying lawsuit styled *Regency Club Condominium Owners Association, Inc., a/k/a Regency Club Condominium Association, Plaintiff v. Regency Club, LLC, et. al.,*

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:      3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

*In the Circuit Court of Baldwin County, Alabama (CV-2009-900173.00)* (hereinafter "the underlying lawsuit").

The underlying lawsuit was filed on February 13, 2009, and concerns allegations related to the allegedly faulty construction of the Regency Club Condominium. *See Exhibit "8"*. As owner of the property, The Association has alleged claims for: (1) Negligence; (2) Wantonness; (3) Breach of Warranty; (4) Breach of Contract/Third Party; (5) a Claim under Ala. Code § 35-8A-414; (6) Misrepresentation and/or Suppression; and (7) Breach of Fiduciary Duty pursuant to Ala. Code § 35-8A-303(a). *See Exhibit "8", pp. 11-22.*

As to Park Lane, The Association has asserted that Park Lane was the General Contractor for the Construction of the Regency Club Condominium. *See Exhibit "8", p. 4 ¶ 3.*

As to G & G Roofing Company, Inc. (which is <u>not</u> Canal's insured[1]) The Association has asserted that G & G Roofing Company, Inc., was engaged by Park Lane to install roofing materials and/or systems in the Construction of the Regency Club Condominium buildings. *See Exhibit "8"*. When The Association named G & G Roofing, Inc., as a defendant in the underlying lawsuit, they served G & G Roofing Company, Inc., through its Registered Agent, Mohammed Gwandu. *See Exhibit 11*

---

[1] *See Exhibits "1", "2" and "3".*

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:     3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

*(specifically Exhibit 11-A: the Affidavit of David Daniell).* They did not name, nor did they attempt to serve Paul Nicholson d/b/a GG Roofing. *Id.*

There is no indication that any acts or omissions, which are attributed by The Association to Park Lane, arose out of operations performed by Canal's Named Insured, Paul Nicholson d/b/a GG Roofing. *See Exhibit 8.* Again, Canal's Named Insured, Paul Nicholson d/b/a GG Roofing, is <u>not</u> a named defendant in the underlying lawsuit. *See Exhibit 8.*

On July 28, 2010, Park Lane filed a cross claim against G & G Roofing Company, Inc., and other defendants asserting claims for (1) Breach of Contract; (2) Breach of Warranty; (3) Negligence; and (4) Indemnity. *See Exhibit 9.*

On November 16, 2010, The Association obtained a Default Judgment against G & G Roofing Company, Inc., in the amount of $251,383.00, plus interests and costs in the underlying lawsuit. *See Exhibit 12.*

On March 31, 2011, Regency Club filed a cross claim against G & G Roofing Company, Inc., and other defendants asserting claims for (1) Negligent and/or Wanton Performance of Duties; and (2) Indemnity. *See Exhibit 10.*

On May 22, 2012, most of the parties to the underlying lawsuit (including The Association, Regency Club, Park Lane, and several other parties) advised the State Court they had reached a mutual agreement for the dismissal with prejudice of any and all claims among and between them. *See Exhibit 16.* The State Court granted

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:     3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

that Motion, dismissing said claims in the State Court lawsuit by an Order dated May 24, 2012. *See Exhibit 17.*

Also with respect to this lawsuit and the underlying lawsuit: any and all claims and controversies between Canal and The Association have been resolved by mutual agreement; any and all claims and controversies between Canal and Regency Club and Robert G. Randall have been resolved by mutual agreement. This Court therefore dismissed with prejudice all claims between Canal, Regency Club Condominium Owner's Association, Inc., Regency Club, LLC, and Robert G. Randall, by Order dated May 22, 2012.

## Facts of the Underlying Lawsuit

On 10-5-2005, G & G Roofing Co., Inc., was hired by the general contractor (Park Lane) for the purpose of installing the roofing and flashing at Regency Club Condominiums in Gulf Shores, Alabama. *See Exhibit 13.* The work is more specifically prescribed by the Scope of Work schedule (PLC 02103) attached to the Subcontract Agreement (PLC 02100), and includes: installation of felt, shingles, ridge vents, eave metal, and valley flashing in accordance with manufacturer's recommendations and local codes. *Id.*

The name of Canal's insured, Paul Nicholson d/b/a G G Roofing, appears nowhere in Park Lane's file. On the contrary, Park Lane's file reveals that its contract

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:   3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

was with Mr. Gwandu as owner of G & G Roofing Company (Inc.)  *See Exhibit 13.*

Paul Nicholson is in business as a sole proprietor doing business as GG Roofing.  *See Exhibit 6, at pp. 4-5.*  G & G Roofing Company, Inc., is a corporation registered with the Secretary of State of Alabama.  Mohammed Gwandu is the only registered officer listed with the Secretary of State.  *See Exhibits 11-A and 14.* Nicholson confirms he does not have an ownership stake in G & G Roofing Company, Inc., and that he is not an officer or director of G & G Roofing Company, Inc.  *See Exhibit 6, at pp. 5-6.*  Mr. Nicholson did state he was once employed by Mr. Gwandu at G & G Roofing Company, Inc.; however, Nicholson left to form his own business as Paul Nicholson d/b/a G G Roofing.      *Id.*   He further states that Mr. Gwandu is not an employee, officer or director of Paul Nicholson d/b/a G G Roofing (or any other business owned by Mr. Nicholson).  *See Exhibit 6, at pp. 5, and 17-18.*

There is no indication that any acts or omissions upon which liability is sought in the underlying lawsuit arose out of operations performed by Canal's Named Insured, Paul Nicholson d/b/a GG Roofing.  *See Exhibit 8.*  Mr. Nicholson confirms he did no work for Park Lane, and more specifically never did any work on the construction of the Regency Club Condominium project.  *See Exhibit 6, at p. 12.*  He states he did not enter into any agreement to perform such work.  *See Exhibit 6, at p. 13.*  He states he had never even heard of Park Lane Construction before this lawsuit. *See Exhibit 6, at p. 13.*  Once again, Canal's named insured Paul Nicholson d/b/a G

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:      3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

G Roofing is <u>not</u> a named defendant in the underlying lawsuit.   *Compare Exhibits 1, 2 and 3 with Exhibit 8.*

## STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). <u>See</u> Rule 56(c), Fed.R.Civ.P. If the movant demonstrates that there is no genuine issue of material fact, then the burden shifts to the nonmovant to present evidence of the existence of genuine issue material to the case. <u>See</u> <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir.1991). In reviewing a motion for summary judgment, all justifiable inferences must be drawn in the nonmovant's favor. <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). However, in order to survive summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed.2d 538 (1986).

## ARGUMENTS

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:    3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

## I.   THE CANAL POLICY PROVIDES NO COVERAGE FOR ANY CLAIMS IN THE UNDERLYING LAWSUIT

### A.   G & G ROOFING CO., INC., IS NOT INSURED BY CANAL

The standards guiding the Court's interpretation of an insurance policy are well-established in Alabama, including the following:

> "'When analyzing an insurance policy, a court gives words used in the policy their common, everyday meaning and interprets them as a reasonable person in the insured's position would have understood them. Western World Ins. Co. v. City of Tuscumbia, 612 So.2d 1159 (Ala. 1992); St. Paul Fire & Marine Ins. Co. v. Edge Mem'l Hosp., 584 So.2d 1316 (Ala. 1991). If, under this standard, they are reasonably certain in their meaning, they are not ambiguous as a matter of law and the rule of construction in favor of the insured does not apply. Bituminous Cas. Corp. v. Harris, 372 So.2d 342 (Ala.Civ.App. 1979). Only in cases of genuine ambiguity or inconsistency is it proper to resort to rules of construction. Canal Ins. Co. v. Old Republic Ins.  Co., 718 So.2d 8 (Ala. 1998).  A policy is not made ambiguous by the fact that the parties interpret the policy differently or disagree as to the meaning of a written provision in a contract. Watkins v. United States Fid. & Guar. Co., 656 So.2d 337 (Ala. 1994). A court must not rewrite a policy so as to include or exclude coverage that was not intended.  Upton v. Mississippi Valley Title Ins. Co., 469 So.2d 548 (Ala.1985).' B.D.B. v. State Farm Mut. Auto. Ins. Co. , 814 So.2d 877, 879-80 (Ala.Civ.App. 2001)"

State Farm Mut. Auto. Ins. Co. v. Brown, 26 So.3d 1167, 1169 (Ala. 2009) (holding the party claiming to have status as an "insured" under the terms of a liability insurance policy was not entitled to coverage because, under plain and unabiguous terms, she was not a "relative" of the named insured).

With respect to the Canal insurance policies at issue in this case, the only named insured on the policy declarations is Paul Nicholson DBA GG Roofing. *See*

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:      3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

*Exhibits 1, 2 and 3.*  <u>**GG Roofing is not the same as G & G Roofing Company, Inc**</u>.

*See Exhibit 7, at pp. 6-7* .  Canal's true Named Insured (Paul Nicholson) is not an

officer, director or owner of G & G Roofing Company, Inc.  *See Exhibit 6, at pp. 5-6.*

On the contrary, G & G Roofing Company, Inc., is owned by Mr. Gwandu.     *See*

*Exhibits 6, at p. 5, and Exhibits 11-A, 13 and 14.*  G & G Roofing Company, Inc., is

not named anywhere in the policies (neither is Mo Gwandu).  *See Exhibits 1, 2 and*

*3.*

  Thus, not only is G & G Roofing Company, Inc., <u>not</u> a Named Insured; but the

evidence further establishes G & G Roofing Company, Inc., is a <u>separate and distinct</u>

<u>entity</u> from Paul Nicholson DBA GG Roofing.

  The scope of coverage is defined by the insurance policy, and G & G Roofing

Company, Inc., is not named or described anywhere in the insurance policies as an

insured.  Accordingly, G & G Roofing Company, Inc., is not insured by the Canal

insurance policies.


**B.**  **PARK LANE AND REGENCY CLUB ARE NOT INSURED WITH RESPECT TO THE SPECIFIC CLAIMS IN THE UNDERLYING LAWSUIT**

  Park Lane claims to be covered, in its own right, by these Canal insurance

policies.  Park Lane is not a Named Insured (nor does it claim to be).  Rather, Park

Lane contends it is entitled to coverage by virtue of Additional Insured endorsements

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:      3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

which were added to the policy after it was issued. *See Exhibit 1 at pp. 52-3, Exhibit 3 at pp. 24-25.* Park Lane's arguments fail, however, because the Additional Insured endorsement provides a very limited scope of potential coverage; and the fact that Paul Nicholson never worked on the Regency Club Condominium project means that coverage was never triggered.

The Additional Insured endorsement(s) states, as follows:

---

GL23 (01/92)

### ADDITIONAL INSURED -
### DESIGNATED PERSON OR ORGANIZATION
### RESTRICTED COVERAGE

Name of Person or Organization:    Park Lane Construction
6001 E Shirley Lane
Montgomery AL 36117

It is agreed that Section **II** - Who Is An Insured is amended to include as an insured the person or organization shown in the SCHEDULE as an insured but only with respects to liability arising out of the Named Insured's operations or premises owned by or rented to the Named Insured.   The insurance afforded by this endorsement and the Certificate to which it is attached shall not apply to damages arising out of the negligence of the person(s) or organization(s) added by this endorsement.

It is further understood and agreed this insurance does not apply to "bodily injury" and "property damage" arising out of any act or omission of the ADDITIONAL INSURED(S) or any of their "employees", other than the general supervision by the additional insured(s) of your ongoing operation performed for the additional insured.

---

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:      3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

*See Exhibits 1, 2 and 3.*  At the very outset it must be emphasized that this Additional Insured endorsement is not a broad form, and does not grant the Additional Insured the full scope of coverage the Additional Insured would have enjoyed if it had been the Named Insured.  On the contrary, this Additional Insured endorsement provides a different and narrower scope of coverage.  Specifically, **it only provides coverage to the extent the Additional Insured may be vicariously liable for conduct by the Named Insured.**

Similar Additional Insured endorsements, with a scope of coverage limited to vicarious liability, have been addressed and approved by state and federal courts in a number of jurisdictions.  For example, a court sitting in Virginia recently held:

> "Courts in Missouri and elsewhere have recognized that a common purpose of an additional insured provision is to 'provide . . . protection from vicarious liability' and to provide 'specialized protection rather than all-encompassing coverage.' U.S. Fidelity & Guar. v. Drazic, 877 S.W.2d 140, 143 (Mo.Ct.App. 1994); accord Northbrook Ins. v. American States Ins., 495 N.W.2d 450, 453 (Minn.Ct.App. 1993) (recognizing that 'One of the primary functions of the additional insured endorsement is to protect the additional insured from vicarious liability for acts of the named insured'); Harbor Ins. Co. v. Lewis, 562 F.Supp. 800, 803 (E.D.Pa.1983) (concluding that 'In the insurance industry, additional insured provisions have a well established meaning. They are intended to protect parties who are not named insureds from exposure to vicarious liability for acts of the named insured')."

Smurfit-Stone  Container Enterprises, Inc. v. National Interstate Ins. Co.      , Not Reported in F.Supp.2d, 2008 WL 4153762 *3 (E.D.Va. 2008) (specifically holding that "that the plain language of the Additional Insureds endorsement extends

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:    3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

insurance coverage to Smurfit-Stone only to the extent that Smurfit-Stone is alleged to be vicariously liable for the actions of Terminal." Id., at *4).[2]

The clear and unambiguous terms of Canal's Additional Insured endorsement are in line with the endorsements addressed in <u>Smurfit-Stone Container Enterprises, Inc. v. National Interstate Ins. Co.</u>, and the cases cited thereinabove. Accordingly, the potential coverage available to Park Lane under this endorsement is limited to vicarious liability arising out of the work of Paul Nicholson DBA GG Roofing. With that limitation in mind, all parties agree Nicholson had nothing to do with the project made the basis of the underlying lawsuit.

The Complaint in the underlying lawsuit was <u>not</u> filed against Paul Nicholson (whether as an individual or DBA), but was    <u>instead</u> filed against Mr. Gwandu's company, G & G Roofing Company, Inc.   Likewise, the Cross-Claims in the underlying lawsuit were filed against Mr. Gwandu's G & G Roofing Company, Inc. Because none of the liability in the underlying lawsuit is predicated on the vicarious liability of Paul Nicholson DBA GG Roofing, the Additional Insured endorsement is simply not triggered.

There is no mistaking the fact that Mr. Gwandu is the owner of G & G Roofing Company, Inc., and the parties to the underlying lawsuit were certainly never led to

---

[2]In accordance with Rule 32.1, Fed.R.App.P., a copy of this unreported decision is attached hereto and incorporated herewith as Exhibit 15.

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:    3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

believe anything different.  Mr. Gwandu signed the sub-contract (Paul Nicholson did

not), and Mr. Gwandu described himself as "owner" of G & G Roofing Company,

(Inc.)  *See Exhibit 13*.  Moreover, the parties' knowledge of – and acceptance of – the

distinct and separate identities of Mr. Gwandu's business (i.e., G & G Roofing

Company, Inc.) versus Mr. Nicholson's business (i.e., the GG Roofing sole

proprietorship), is underscored by the Affidavit of David F. Daniell (which was

offered and admitted in the underlying lawsuit to support the Motion for Service of

G & G Roofing Company, Inc., by publication).  *See Exhibit 11-A*.

These facts show, unequivocally, that whatever liability Park Lane and any

other Defendants in the underlying lawsuit may have relative to the roofing

operations in the underlying lawsuit arises out of the operations of a corporation

owned by Mr. Gwandu called G & G Roofing Company, Inc.  *See Exhibits 8, 11-A,*

*13 and 14*.  It is not "liability arising out of the Named Insured's operations" (i.e.,

Paul Nicholson DBA GG Roofing).  Accordingly, there is no coverage provided by

the Additional Insured endorsements in the Canal policy relative to the underlying

lawsuit.

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:     3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

## II.    PARK LANE'S COUNTERCLAIM IS WITHOUT MERIT

Park Lane's Counterclaim rests on the legal theory that Park Laneis supposedly re entitled to coverage on account of the Additional Insured Endorsement; that Park Lane is supposedly a third-party beneficiary of the insurance contract; and that Park Lane is supposedly entitled to have the policy reformed to create coverage for them.

These claims are all without merit, for reasons more specifically discussed below.

## A.    PARK LANE IS NOT AN "ADDITIONAL INSURED" WITH RESPECT TO THE CLAIMS IN THE UNDERLYING LAWSUIT

This argument, which is raised independently in Park Lane's Counterclaim, is addressed in full hereinabove.  The movant's arguments above are adopted and incorporated herein in their entirety.  On the basis of those arguments, Park Lane's counterclaim for insurance benefits relative to the underlying lawsuit under the Addition Insured endorsement is without merit and due to be dismissed with prejudice.

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:    3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

## B. PARK LANE IS NOT ENTITLED TO COVERAGE FOR THE UNDERLYING LAWSUIT AS AN ALLEGED THIRD PARTY BENEFICIARY OF THE INSURANCE CONTRACT BETWEEN PAUL NICHOLSON AND CANAL

As a matter of law, Park Lane cannot maintain an action against Canal under a third-party beneficiary theory, because neither of the parties to the insurance contract (i.e., Nicholson and Canal) ever had any intention to bestow upon Park Lane the benefit of insurance coverage for liability arising out of the work of someone other than Paul Nicholson d/b/a GG Roofing.  In fact, Mr. Nicholson had never even heard of the Counterclaim-Plaintiffs until after the underlying lawsuit was filed and underway.

Under Alabama law, it is not enough that Park Lane may have subjectively expected to receive the benefit of Paul Nicholson's contract with Canal.  To survive summary judgment, Park Lane is required to present substantial evidence that both Nicholson and Canal "intended, at the time the contract was created, to bestow a direct benefit" on Park Lane.  Pope v. McCrory, 575 So.2d 1097, 1100 (Ala. 1993).  In Keebler v. Glenwood Woodyard, Inc., 628 So. 2d 566 (Ala. 1993), the Court found no third party contract to exist, holding, as follows:

> "Where the contracting parties bestowed a benefit on some third party but it is clear from the face of the contract that *the contracting parties did not intend to confer this benefit* directly on the third party, the third party is merely an incidental beneficiary and may not recover."

Id. at 569 (emphasis added)).  The Supreme Court of Alabama has been hesitant to

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.: 3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

extend the rights of third parties claiming to be beneficiaries under a contract. <u>See</u>

<u>Smith v. Equifax Serv.</u>, 537 So. 2d 463 (Ala. 1988); and <u>Morgan v. McCowan</u>, 514

So. 2d 930 (Ala. 1987).

In this case, there is no evidence, much less substantial evidence that either

Paul Nicholson or Canal (i.e., the only parties to the insurance contract) ever intended

to bestow on Park Lane the benefit Park Lane now seeks to establish through

litigation, specifically: the benefit of insurance against liability arising out of the

work of someone who is not a Canal insured.

The insurance contract clearly establishes Canal's intent was to limited the

scope of coverage to liability arising out of the operations performed by Canal's

Named Insured, Paul Nicholson DBA GG Roofing. *See Exhibits 1, 2 and 3.*

Similarly, Mr. Nicholson testified he never intended to allow his insurance to apply

to jobs which Nicholson did not actually, personally, work on. *See Exhibit 7, at pp.*

*10-11.*

With regard to the particular claims in this lawsuit, the undisputed evidence

shows neither Mr. Nicholson nor Canal could have had any knowledge of the work

being contemplated between Mr. Gwandu and Park Lane. Paul Nicholson testified he

had never even heard of Park Lane or the Regency Club project until he learned about

the underlying lawsuit through a newspaper article. *See Exhibit 6, at p 13.*

Accordingly, there is simply no basis for any reasonable contention that Canal ever

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:      3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

intended the cover G & G Roofing Company, Inc., or Mr. Gwandu or their work.

The insurance contract is clearly limited to providing protection for liability arising out of the work of Nicholson, and there is no evidence to the contrary. Moreover, the unrefuted evidence shows Mr. Nicholson never did any work on the Regency Club Condominium project.  These facts can support no conclusion under the law, except a ruling that neither Mr. Nicholson nor Canal ever intended the insurance contract to provide coverage for the claims in the underlying lawsuit.  Park Lane is not a third party beneficiary of any insurance agreement between Nicholson and Canal.  Accordingly, any claims by Park Lane as a third party beneficiary are without merit, and due to be dismissed in their entirety with prejudice.

**C.    PARK LANE IS NOT ENTITLED TO HAVE CANAL'S INSURANCE POLICY REFORMED IN ORDER TO CREATE COVERAGE FOR PARK LANE, WHERE THERE IS NONE**

Apparently acknowledging the weakness of their claims to coverage under the Canal insurance policies, as drafted, Park Lane has asked the Court to rewrite the insurance policy in order to create coverage for Park Lane.

The Supreme Court of Alabama has established a heavy burden on a party seeking to reform an insurance policy:

"Because there is a presumption which arises from the instrument itself that supports it as the true agreement, Marengo Abstract Co. v. C. W. Hooper & Co., 174 Ala. 497, 56 So. 580 (1911); 66 Am.Jur.2d s 117 at 643, our Court

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:   3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

has cautiously placed the burden upon the reform seeker to prove his case by clear, convincing and satisfactory evidence. <u>Great Atlantic & Pacific Tea Co. v. Engel Realty Co.</u>, 241 Ala. 236, 2 So.2d 425 (1941). The quality of such evidence has been variously described, denoting the seriousness with which this Court has looked upon such a claim and its concomitant regard for the integrity of the written instrument. Thus we see expressions of Mr. Pomeroy adopted by this Court in <u>Hammer v. Lange</u>, 174 Ala. 337, 340, 56 So. 573 (1911):

> "'The authorities all require that the parol evidence of the mistake and of the alleged modification must be most clear and convincing in the language of some judges, "the strongest possible" or else the mistake must be admitted by the opposite party; the resulting proof must be established beyond a reasonable doubt. 2 Pom.Eq.Jur. (3rd Ed.) s 859, p. 1515.'

"and that opinion added:

> "'This court has said: "To authorize the reformation of a contract which has been reduced to writing and signed, the proof must be clear, exact, and satisfactory, first, that the writing does not truly express the intention of the parties that on which their minds had agreed; and second, what it was the parties intended the writing should express." (citation omitted). Also: "If the proof is uncertain in any material respect, it will be held insufficient; and, while the courts may feel a great wrong has been done, they cannot grant relief by reason of uncertainty." (citation omitted).'

"That description of the burden assumed by a plaintiff seeking reformation conforms to a principle applied in an earlier case, <u>Page v. Whatley</u>, 162 Ala. 473, 474, 50 So. 116, 117 (1909):

> "'Equity grants reformation of deeds only when error certainly appears, and never upon a mere probability or a mere preponderance of evidence. (citations omitted). . . .'

"Thus, as the Court recognized in <u>Holland Blow Stave Co. v. Barclay</u>, 193 Ala. 200, 69 So. 118 (1915), again citing <u>Pomeroy</u>:

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:   3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

"'It is evident that the only authority in the court is to reform the contract so as to express that which the parties agreed on. It cannot make a new contract for the parties, nor establish that as a contract between them, which it is supposed they would have made, if they had understood the facts.'"

*Federated Guaranty Life Ins. Co. v. Painter*, 360 So.2d 309, 311 (Ala. 1978). See also

*Reliance Ins. Co. v. Substation Products Corp.*, 404 So.2d 598 (Ala. 1981) (clarifying

the fact that the burden on the party seeking reformation is proof by "clear and

convincing evidence" as opposed to "beyond a reasonable doubt").

In this case, there is absolutely no legitimate basis for Park Lane's effort to

have the insurance policies reformed in its favor. The limited circumstances where

reformation may be warranted have been summarized by the Supreme Court of

Alabama, as follows:

"In order to justify reformation of a contract, there must have been a prior agreement which the contract, on account of mutual mistake or mistake on one side and fraud or inequitable conduct on the other, failed to express. *Atlas Assur. Co., Ltd., of London, England, v. Byrne*, 235 Ala. 281, 178 So. 451 [Ala. 1938.]; *Duran v. Smith*, 237 Ala. 577, 188 So. 72 [Ala. 1939.]; *United States Guarantee Co. v. Harrison & Owen Produce Co.*, 240 Ala. 186, 198 So. 240 [Ala. 1940.]; *American-Traders' Nat. Bank v. Henderson*, 222 Ala. 426, 133 So. 36 [Ala. 1931.] ; Section 59, Title 9, Code 1940."

*Pearson v. Agricultural Ins. Co. of Watertown, N. Y.*, 247 Ala. 485, 25 So.2d 164,

166 (Ala. 1946). Simply put, there is no evidence (much less clear and convincing

evidence) that any of these circumstances apply in the case at bar.

The testimony of Paul Nicholson (the Named Insured under the Canal policy)

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:    3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

verifies that the terms of the insurance policy as drafted conform to his own intentions in purchasing the contract.  There is not a scintilla of evidence suggesting Canal had any contrary intent.

"Insurance contracts are construed to give effect to the intention of the parties, and when the parties' intention is clear the policies must be enforced according to their terms.  <u>State Farm Mut. Auto. Ins. Co. v. Lewis</u>, 514 So.2d 863 (Ala. 1987)."  There is simply no reason to believe the policies in this case fail to express the intent of Paul Nicholson and Canal, and they are therefore due to be enforced according to their terms  See also <u>American Liberty Ins. Co. of Birmingham v. Leonard</u>, 270 Ala. 17, 115 So.2d 470 (Ala. 1959) (reformation was denied because there was no mutual mistake).  Consequentially, Park Lane's claim for reformation is due to be dismissed with prejudice.


WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Canal Indemnity Company, respectfully requests that summary judgment be entered in its favor, and more specifically respectfully requests that this Honorable Court will order, adjudge, declare and/or decree: (a) that Canal Indemnity does not owe coverage for the underlying lawsuit under its Insurance policies for the reasons set forth in the Bill of Complaint, as set forth in paragraph 29 and sub-paragraphs "a" through "i", including all sub-parts, above; (b) that the Canal Indemnity Company, is not obligated or liable

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:      3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

to defend and/or indemnify G&G Roofing Company, Inc., Park Lane, and/or any other defendant in the underlying lawsuit claiming coverage under Canal's policies for the allegations of the Underlying Lawsuit, whether presented as claims and/or as cross claims; and (c) that Canal does not owe a duty to satisfy the default judgment of the Regency Club Condominium Owners against G&G Roofing Company, Inc.

Respectfully submitted,

By: /s/ Conley W. Knott
Conley W. Knott
Bar Number: ASB-9399-T54C
Attorney for Plaintiff,
Canal Indemnity Company

OF COUNSEL:
Austill Lewis Pipkin & Maddox, P.C.
P.O. Box 11927
Birmingham, AL 35202-1927

---

**THE PLAINTIFF RESPECTFULLY REQUESTS
ORAL ARGUMENT**

---

*Canal Indemnity Company v. Regency Club Condo Owners Assoc., Inc., G & G Roofing Company, et al.*
Civil Action No.:      3:11-cv-400-MEF
Brief in Support of Plaintiff's Second Motion for Summary Judgment

## CERTIFICATE OF SERVICE

I hereby certify that, on the 3rd day of October, 2012, I have served a copy of the above and foregoing on counsel for all parties by using the Electronic Filing system which will send notification of such to the following:

Brigg H. Austin
CROWE, RAINEY & AUSTIN, P.C.
1495 University Blvd., South, Suite C (36609)
Post Office Box 1003
Mobile, Alabama 36633
    Attorney For: Park Lane Construction, Inc.

L.  Bratton Rainey, III
CROWE, RAINEY & AUSTIN, P.C.
1495 University Blvd., South, Suite C (36609)
Post Office Box 1003
Mobile, Alabama 36633
    Attorney For: Park Lane Construction, Inc.

And by placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to following:

Paul Nicholson
G G Roofing
1617 Lee Road 12, Lot 169
Auburn, AL 36832
    Pro Se For: Paul Nicholson d/b/a G G Roofing

/s/ Conley W. Knott
OF COUNSEL