IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CANAL INDEMNITY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:11-cv-400-MEF |
| ) | (WO – Do Not Publish) |
| REGENCY CLUB OWNERS ) | |
| ASSOCIATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This action involves an insurance coverage dispute over the settlement of state claims for the alleged faulty construction of condominiums located in Baldwin County, Alabama. Now pending before the Court are Plaintiff Canal Indemnity Company's ("Canal") and Defendant Park Lane Construction Inc.'s ("Park Lane") cross-motions for summary judgment. (Docs. ##79 & 82.) The dispositive motions deadline in this case expired on October 3, 2012, and this case is currently scheduled for trial on January 28, 2013. (Amend. Scheduling Order, Doc. #69.)

This case has been on the Court's docket since May 26, 2011. Nonetheless, on December 12, 2012, at the eleventh hour, Park Lane filed a Supplement to Park Lane's Motion for Summary Judgment ("Supplement") (Doc. #106), more than two months after the dispositive deadline had passed and without filing an accompanying motion for leave to file the Supplement out of time.

The Court held a hearing on December 18, 2012, during which the Court requested

that Park Lane show cause as to why the Court should allow this untimely filing and why the Court should consider the new evidence Park Lane attempted to present in its dilatory Supplement—specifically, the deposition testimony of Paul Nicholson, one of the named Defendants in this case, which Park Lane did not take until December 7, 2012, less than a month before the pretrial conference in this case.

During oral argument, Park Lane failed to present any good cause as to why it did not depose Mr. Nicholson in sufficient time to submit his testimony as evidence in support of its Motion for Summary Judgment. The Court notes that Park Lane had the opportunity to and did examine Mr. Nicholson under oath in the underlying state court action. Park Lane chose to submit Mr. Nicholson's sworn testimony in the underlying state court action in support of its Motion for Summary Judgment (Doc. #87)[1] rather than depose Mr. Nicholson again as part of this action. The only reasons offered by Park Lane's counsel for this action were that (1) counsel's law firm had been going through organizational and personnel changes during this time; and (2) Mr. Nicholson avoided counsel's handful of phone calls.

Given the substantial prejudice that Canal would face if the Court considered the new evidence presented in Park Lane's untimely Supplement, which would likely include a complete continuation of the trial setting in this case, and given that Park Lane has utterly failed to show the Court any cause for its delay in submitting this Supplement, the Court finds that no good cause exists to allow or otherwise consider this untimely filing.

---

[1] In support of its Motion for Summary Judgment, Park Lane submitted sworn testimony of Mr. Nicholson taken by Park Lane's counsel in the underlying state court action and by Canal's counsel in preparation for this action. (*See* Doc. #87.)

Accordingly, it is hereby ORDERED that the Supplement to Park Lane's Motion for Summary Judgment (Doc. #106) be STRICKEN from the record.

DONE this the 7th day of January, 2013.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE